IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CANDACE TERRELL, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:09-CV-626-RWS |
| OTS, INC., *et al*., : | |
| Defendants. : | |
| : | |
| : | |
| : | |

**ORDER**

This case comes before the Court on Plaintiff's Motion in Limine to Exclude Defendants' Use of or Reference to the Existence or Content of any Documentation, including Tape Recordings, Relating to Other Complaints that was not Produced in Discovery [92]. Plaintiff moves to exclude any use of or reference to any recordings which were made during the investigation of other "me too" witnesses. Namely, Plaintiff argues that these recordings were not listed in the Defendant's privilege log, and the Plaintiff neither received nor had knowledge that these tapes still existed until Defendant made reference to using

them at the Pretrial Conference. Plaintiff maintains that these tapes were clearly covered by her requests for documents.[1]

Defendants argue that this evidence should not be excluded as they responded to Plaintiff's requests by asserting the attorney-client privilege and the work product doctrine. While that general assertion was made, Defense Counsel then specifically stated in an email to Plaintiff's Counsel regarding Plaintiff's privilege log request that the only documents which Defendants "withheld under a claim of privilege [were] the interviews following the termination of [Plaintiff's] employment and her subsequent complaint." Ex. B, Dkt. No. [92-4].

"[A] party claiming privilege is obliged to produce a privilege log and its failure to do so means the privilege is waived." Pensacola Firefighters' Relief Pension Bd. of Trustees v. Merrill Lynch Fenner & Smith, Inc., 265 F.R.D. 589, 592 (N.D. Fla. 2010). While the Eleventh Circuit has not ruled what constitutes a "timely production" of a privilege log, other district courts within the Circuit have adopted the Ninth Circuit's approach which balances:

---

[1] The Plaintiff made numerous requests which would have covered the materials. Included among the requests that clearly covered the materials in issue are Request 4 to Defendant Lester and Requests 3, 4, 7, 8, 10, 11, 12, 21, and 24 to Defendant OTS. Ex. A., Dkt. No. [92-2] at 3-8.

2

> the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically obtained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.

Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc., 230 F.R.D. 688, 695 (M.D. Fla. 2005) (quoting Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005); see also Williams v. Taser Int'l, Inc., 2008 WL 192991 (N.D. Ga. 2008).

If Plaintiff were seeking to discover the recordings, the Court would conclude, based on the foregoing, that Defendants had waived their privilege as to the recordings. However, Defendants, having disclosed the existence of the recordings at the pretrial conference, seek to use them at trial even though they did not disclose the recordings during discovery. Defense Counsel stated that at least some of the tapes had been produced in a prior suit against OTS, but counsel for Plaintiff states she never saw them.

3

The question before the Court is whether Defendants should be precluded from using the recordings at trial after having failed to produce them in discovery. Defendants argue that they did not have to produce this evidence because under Federal Rule of Civil Procedure 26(a)(3), Defendants do not have to disclose evidence that is solely for impeachment. The Court questions whether this evidence is solely for impeachment, since the tapes would likely be offered "to establish the truth of a matter to be determined by the trier of fact"–i.e., what was in fact done and said by the company in investigations, and how that relates to a retaliatory intent. Chiasson v. Zapata Gulf Marine Corp., 988 F.2d 513 (5th Cir. 1993). However, even assuming they were only for impeachment, these recordings should have been disclosed because they were specifically requested by the Plaintiff in discovery. Varga v. Rockwell Int'l Corp., 242 F.3d 693, 697 (6th Cir. 2001) ("the recipient of a properly propounded document request must produce all responsive, non-privileged documents without regard to the recipient's view of how that information might be used at trial").

Defendants had a clear obligation under Federal Rules of Civil Procedure 26(b)(5) and 45(d)(2)(A) to file a privilege log which included the relevant,

4

responsive recordings at issue here. Because Defendants did not properly raise their privilege objection, the information was properly discoverable and the Defendants should have produced the recordings. The Court finds that the appropriate sanction for Defendants' failure to produce the recordings is to exclude them from evidence at trial.

Based on the foregoing, Plaintiff's Motion to Exclude [92] is **GRANTED**.

**SO ORDERED** this __9th__ day of March, 2011.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)