IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CANDACE TERRELL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:09-CV-626-RWS |
| OTS, INC., *et al.*, | : |
| Defendants. | : |
| | : |
| | : |
| | : |

## ORDER

This case comes before the Court on Defendants' Motion to Amend the Consolidated Pre-Trial Order [94] and Defendants' Motion in Limine Barring Plaintiff from Using Legal Conclusions and from Eliciting or Producing Evidence of Hyperbaric or Oxygen Chamber [113]. After a review of the record, the Court enters the following Order.

I. Motion to Amend the Pre-trial Order

Defendants seek to add two "impeachment" witnesses who were previously not included on the pre-trial order's witness list: Mr. Dominic

Wakely and Dr.[1] Claude Anderson. Under this Court's Local Rule 16.4(B)(18)(a), each party is required to make a separate listing of all witnesses "whom that party will or may have present at trial including . . . impeachment and rebuttal witnesses whose use can or should have been reasonably anticipated." LR 16.4(B)(18)(a). The rule goes on to state that "[w]itnesses not included on the witness list will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified. The attorneys may not reserve the right to add witnesses." LR 16.4(B)(18)(c), NDGa.

Defendants first seek to add Dr. Anderson. Defendants argue that they "could not have reasonably anticipated" calling Dr. Anderson because they were not aware, until recently, that Dr. Anderson had contact with the Plaintiff. Prior to this revelation, the Defendants only knew his name from a passing mention in Defendant Lester's testimony, where Lester testified that it was Dr. Anderson who put the Defendant in contact with Mr. Hakim, who knew the Plaintiff. Apparently, Dr. Anderson would testify that he is a board member of

---

[1] In the briefing, Defendants refer to Claude Anderson as "Mr. Anderson." However, in the telephonic conference on the matter, he was referred to as "Dr. Anderson." The Court will treat him as Dr. Anderson.

OTS and based on admittedly limited interaction with Plaintiff, her demeanor and representations about her work environment were different from what Plaintiff is expected to testify.

Defendants assert that Mr. Wakely will testify regarding Ms. Serena Edwards' behavior at OTS. Defendants argue that they could not have reasonably anticipated calling Mr. Wakely because they never thought that the Court would allow Plaintiff to engage in "mini-trials" regarding the Plaintiff's "me-too" evidence. Once they realized the scope of Ms. Edwards' testimony had increased, they realized that they would need additional evidence to impeach her. Plaintiff states that she knew of his name from an e-mail, but that he had never been relevant before.

Based on the evidence presented, the Court is not certain that either of these witnesses will be able to offer admissible impeachment testimony. However, the Court will allow Defendants to make a proffer outside the presence of the jury, if they so choose, to establish the admissibility of such testimony. The Court will better be able to determine the admissibility of the evidence in that posture. Thus, the Court will **RESERVE RULING** on the motion [94].

AO 72A
(Rev.8/82)

II. Motion in Limine

Defendants first move to bar the Plaintiff from "characterizing the alleged behavior toward the ["me-too" women] in legal terms, such as sexual harassment, demotion, retaliation, or battery," whether at trial or in the "Plaintiff's Outline of the Case."[2] Dkt. No. [113-1] at 1-2. After due consideration of the matter, that motion is **DENIED**. However, the jury will be properly instructed on the use and effect of legal conclusions.

Additionally, the Defendants seek to prevent the Plaintiff from "submitting or soliciting evidence regarding [Defendant Lester's] use of a hyperbaric chamber or oxygen tanks to treat exhaustion." Id. at 2. They argue that the evidence is irrelevant, or alternatively, is unduly prejudicial. However, Plaintiff intends to use this evidence to attack Mr. Lester's credibility in two ways: 1) that she has been to his home as evidenced by her knowledge of the chamber's location; and 2) that Mr. Lester referred to his home as his corporate office, as evidenced by an email in which Mr. Lester told Ms. Terrell to deliver oxygen tanks to his "corporate office." In as much as this evidence is relevant,

---

[2]Plaintiff agreed not to use any legal conclusions in her Statement of the Case. Dkt. No. [115] at 5.

4

as seen above, that objection is **DENIED**. However, Plaintiff is not able to introduce the evidence for any other irrelevant purpose.

III. Conclusion

The Court **RESERVES RULING** on Defendants' Motion to Amend the Consolidated Pre-Trial Order [94]. The Court will allow Defendants to make a proffer outside the presence of the jury, if they so choose, to establish the admissibility of each intended witness' testimony.  The Court will better be able to determine the admissibility of the evidence in that posture.  However, Defendants' Motion in Limine Barring Plaintiff from Using Legal Conclusions from Eliciting or Producing Evidence of Hyperbaric or Oxygen Chamber [113] is **DENIED**.

**SO ORDERED** this  25th   day of March, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)