**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CANDACE TERRELL, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:09-CV-626-RWS |
| OTS INC., D/B/A ,OMNITECH : | |
| SOLUTIONS AND OMNITECH : | |
| INSTITUTE, *et al.*, : | |
| Defendants. : | |
| : | |

**ORDER**

This case comes before the Court on Defendants Charles Lester ("Lester") and OTS, Inc.'s ("OTS") (collectively, "Defendants") Motion for Renewed Judgment as a Matter of Law, or in the Alternative, a New Trial [149] and the Defendants' Consent Motion to Allow Withdrawal of Counsel [170]. After a review of the record, the Court enters the following Order.

**I. Background**

This case was tried March 28-April 1, 2011. At the time the trial began, Plaintiff pursued Title VII, battery, and negligent retention claims. However, at the close of the Plaintiff's case, Defendants moved for and were granted

judgment as a matter of law on Plaintiff's Title VII claims. Following the close of the evidence, the jury found Lester liable for battery in the amount of $100,000 and OTS liable for negligent retention in the amount of $200,000. Defendant now moves to set aside this verdict.

## II. Preliminary Matters

This Court **GRANTS** Defendants' Motion to Allow the Withdrawal of Attorneys Cohen and Rosenkoff of the firm Weinstock & Scavo, P.C. [170].

## III. Discussion

Defendants make a renewed motion for judgment as a matter of law or, alternatively, for a new trial on all of Plaintiff's tried claims. Namely, Defendants argue that: (1) to allow Plaintiff to recover individually against Lester for battery and separately against OTS for negligent retention is an improper double recovery; (2) neither the battery nor negligent retention claims were supported by sufficient evidence; and (3) alternatively, Defendants should be granted a new trial on any and all remaining claims due to the prejudicial "me too" evidence at trial which did not involve a touching component. Def. Mot., Dkt. No. [149-1] at 1-2.

AO 72A
(Rev.8/82)

A. Renewed Judgment as a Matter of Law

Federal Rule of Civil Procedure 50 permits a district court to grant judgment as a matter of law when, after a party has been fully heard on an issue during a jury trial, "the court finds that a reasonable jury would not have a legally sufficient basis to find for the party on that issue." FED. R. CIV. P. 50(a)(1). Following trial, the non-prevailing party may renew its motion under Rule 50(b). FED. R. CIV. P. 50(b). Under both of these motions–whether judgment as a matter of law or its renewed variety–the district "court must evaluate all the evidence, together with any logical inferences, in the light most favorable to the non-moving party." Beckwith v. City of Daytona Beach Shores, Fla., 58 F.3d 1554, 1560 (11th Cir. 1995) (citing Walker v. NationsBank of Fla. N.A., 53 F.3d 1548, 1555 (11th Cir. 1995)).

1. Double Recovery

Defendants first argue that to allow Plaintiff to recover against Lester individually for battery and against his alter ego corporation–OTS–for a derivative negligence claim is an impermissible double recovery. Defendants maintain that holding Lester liable for not firing or appropriately supervising himself is nonsensical. However, first, Lester was not held liable for failing to

3

fire himself–OTS was found liable for that failure. See <u>Jones v. Major</u>, 55 S.E.2d 846, 848 (Ga. Ct. App. 1949) ("Though one person owns the entire stock of a corporation, still, in law, the corporation and the individual are separate entities."). Second, this is not a case where OTS and Lester are the same entity–this not a sole proprietorship. Rather, Lester has chosen to shield his personal assets from the corporation and the corporation's assets from himself by incorporating OTS, creating two distinct legal entities. To not allow this type of recovery would effectively shield a corporation from a state-law claim when the tort-causing owner/employee refuses to control his or her own conduct and hire an outside manager.

This Court does not find that a solely-owned corporation is exempt from a state-law negligent retention claim because it is owned by the tortfeasor. Georgia law puts an affirmative duty on employers to avoid the negligent retention of known tortfeasors. O.C.G.A. § 34-7-20 ("The employer is bound to exercise ordinary care in the selection of employees and not to retain them after knowledge of incompetency"). Defendants have not pointed this Court to any decision in which a court applying Georgia law has held that while the language of the statute covers all employers, an exception exists when a derivative tort

4

AO 72A
(Rev.8/82)

claim is sustained against a corporation which is solely owned by the offending tortfeasor.[1]  Lester chose to enjoy the separate corporate form when he incorporated OTS and should not be allowed to receive all the benefits of that arrangement without the corresponding legal consequences.  To allow anything else would skirt Georgia's policy in allowing civil recovery for such injuries.

### 2. Negligent Retention

Defendants also argue that Plaintiff's negligent retention claim was not supported by a legally sufficient basis.  Namely, Defendants assert that OTS was not on notice of Lester's tendency to batter his employees as OTS'

---

[1] Defendants make much of Forsberg v. Pefanis, 2009 U.S. Dist. LEXIS 114144, *46 (N.D. Ga. Dec. 8, 2009).  There, defendants argued that an "award against both the [employer] corporations for negligent retention of the [alter ego employee] cannot be supported if judgment is also entered against the [employee] personally for the underlying conduct.  In short, [the employee as an alter ego] may not be held liable for failing to fire himself." Id.  Judge Forrester rejected that argument, finding that there was not a double recovery because only the corporations were held liable for negligent retention–not the individual employee.  Following that determination, Judge Forrester then stated: the employee "is not the sole owner of [the defendant corporations]." Id.  From this statement, Defendants read that when the employee is the sole owner, the employer corporation cannot be liable.

First, the Court notes that this statement is only dicta.  Moreover, Judge Forrester grounded his decision on the fact that the defendant corporations were held liable for the negligent retention–not the employee.  And, the better rationale for that statement is to show that the defendants' arguments were particularly baseless when all agreed the employee was not the sole owner–meaning that their own argument could not apply to their situation as there were others available to fire that employee.  The Court does not read Judge Forrester's opinion to declare that when a situation like this one occurs a corporation will not be held liable for the acts of its owner employee.

5

attorney–Cohen–completed investigations as to each complaint and determined that Lester's conduct was appropriate.  Defendants argue that they should be able to rely on Cohen's determinations.

In support of their argument, Defendants point to Equal Employment Opportunity Commission v. Total System Services, Inc., 221 F.3d 1171, 1176 (11th Cir. 2000) for the proposition that internal investigations are business decisions which the courts should not "second-guess as a kind of super personnel department."  However, the Eleventh Circuit goes on to state while the employer can accept one employee's version of facts over another's, that choice must be an honest one. Id.

Here, the jury had sufficient evidence from which to conclude that Cohen's investigation did not deserve any credence.  First, the jury heard testimony from Lester himself that he denied all of the battery-based allegations.  And, since Lester was the alter ego of the corporation, the jury was permitted to find that OTS would not have made an honest choice in failing to believe the prior complainants over Lester when Lester–as the alter ego of the corporation and the batterer–knew what events actually occurred.

6

Since Lester did not admit to pressing his genitals up against any woman's buttocks or any other battering conduct, the jury could find from the evidence presented that Lester lied, and that Cohen's investigation was not based upon the truth. Consequently, the investigation was tainted.[2] And, Lester–in his role as CEO of OTS–could then not have made the honest choice when he accepted his own false version of the facts over the facts of the complainants. Clearly, a knowing falsity is not protected simply because it is told to an investigator. Therefore, evaluating all inferences in the light of the Plaintiff, Defendant OTS had sufficient notice to predicate a negligent retention claim.

---

[2]As well, the Court does not find merit in Defendants' Reply Brief footnote 9. Defendants there allege that because the Plaintiff moved to suppress the audiotapes of the investigations, Plaintiff should be estopped from asserting the investigations were flawed. However, the reason that the Court granted Plaintiff's motion was because the Defendants did not even make reference to the fact that such tapes existed until the Pre-Trial Conference–well after discovery had closed. This was also after the Plaintiff clearly requested such media, and the Defendants produced a privilege log that did not make reference to any tapes. The Court does not take such "litigation by surprise" lightly and finds it disingenuous that Defendants would argue their own discovery abuses should be used against the Plaintiff–even if those abuses occurred before present Defense Counsel took over representation.

7

### 3. Battery

Defendants also assert that the jury was not presented with sufficient evidence to support the battery claim because Lester obtained permission to hug Terrell and Terrell did not complain. However, taking all inferences in the Plaintiff's favor, the jury was presented with evidence that while Plaintiff consented to a friendly hug, she did not consent to the type of full-body caress that she received. As well, the Plaintiff stated that she received a massage in which no permission was sought or given. Further, Terrell testified that she was scared to report the battery as she was afraid she would lose her job. And, the Plaintiff presented evidence that the Defendants' reporting scheme was flawed. All of these facts support a reasonable finding that the Plaintiff was battered.

As well, Defendants also argue that judgment as a matter of law is warranted because Terrell perjured herself. They argue that: (1) Plaintiff did not include OTS on her application to her current job; (2) Plaintiff omitted collection lawsuits in her interrogatories; (3) Plaintiff stated in her EEOC charge that Lester had asked her for oral sex when he did not; (4) Plaintiff stated in her EEOC charge that her pay was reduced after refusing Lester's sexual advances when it was not; (5) Plaintiff lied about the timing of when she

8

questioned Edwards about Lester's actions; and, (6) what the Court reads as an allegation that her claims were fabricated after talking to an attorney and learning about a prior employee's harassment suit.

However, the Defendants confirm that they cross-examined Terrell about these inconsistencies at trial. The jury heard this impeachment testimony–as well as the inconsistencies of any other witness–and chose to believe Terrell's version of the facts.  As "[t]he credibility of a witness is in the province of the factfinder," this Court will not overturn the jury's verdict when such inconsistences were aired in open court.  Crystal Entm't & Filmworks, Inc. v. Jurado, __ F.3d ___, 2011 WL 2449016, * 5 (11th Cir. 2011).  Therefore, Defendant's Motion for Renewed Judgment as a Matter of Law is **DENIED**.

B. New Trial

A litigant renewing a motion for judgment as a matter of law may also request a motion for a new trial under Federal Rule of Civil Procedure 59. FED. R. CIV. P. 50(b).  While the considerations governing the resolution of such a motion are analogous to those that dictate the disposition of a motion for judgment as a matter of law, the showing a moving party must make to obtain a new trial is less arduous than that required in the context of Rule 50:

9

specifically, unlike a motion for judgment as a matter of law, the trial judge is free to independently weigh the evidence when deciding a motion for new trial. Williams v. City of Valdosta, 689 F.2d 964, 973 (11th Cir. 1982). In doing so, the trial court is to view not only that evidence favoring the jury verdict but also the evidence in favor of the party seeking a new trial. Id. Indeed, a trial judge may grant a new trial for reasons which would not support judgment as a matter of law. O'Neil v. W.R. Grace and Co., 410 F.2d 908, 913 (5th Cir. 1969).

A judge should grant a motion for a new trial when "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001). Rule 59(a) allows for a new trial "on all or part of the issues." FED. R. CIV. P. 59 (a). However, a motion brought pursuant to Rule 59 may not "relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (stating that motion to amend or alter judgment was essentially a motion to reconsider the district court's prior summary judgment order and should be examined under similar standard).

10

Here, Defendants allege that a new trial is warranted to remedy the allegedly irrelevant and prejudicial "me too" evidence which related solely to the sexual harassment claim and did not have a touching component to predicate a battery. However, at the time this evidence was presented, Plaintiff's Title VII claims and related negligent retention claim based upon her federal claims were still viable. It was only after this evidence was presented that Defendants moved for directed verdict and the claims were dismissed.[3] As the "me too" evidence was appropriately admissible at the time the evidence was given, the Court does finds that there was no miscarriage of justice. See Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1286 (11th Cir. 2008) (holding that "me too" witnesses who offered evidence of discrimination by the same supervisor were admissible under Federal Rule of Evidence 404(b) to show evidence of motive, intent, or plan). This is especially true when the Plaintiff had to prove that OTS knew Lester had harassed and battered before to substantiate its negligent retention claim. See Fed. R. Evid. 404(b) (stating that character evidence is admissible to prove "knowledge").

---

[3]While they raised other grounds, the Court also notes that Defendants did not raise the 15 employee ground at the summary judgment stage.

11

As well, the Court notes that essentially Defendants have repackaged their motion *in limine* to exclude the "me too" witnesses, which is not appropriate under Rule 59.  Therefore, Defendants' Motion for New Trial is **DENIED**.

III. Conclusion

Defendant's Motion for Renewed Judgment as a Matter of Law or, alternatively, New Trial [149] is **DENIED**.  However, this Court **GRANTS** Defendants' Motion to Allow the Withdrawal of Attorneys [170].

**SO ORDERED** this  1st  day of July, 2011.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)