[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13105
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00626-RWS

CANDACE TERRELL,

Plaintiff - Appellee,

versus

OTS, INC.,
d.b.a. Omnitech Solutions,
d.b.a. Omnitech Institute,
CHARLTON CARLOS LESTER,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 4, 2012)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

OTS, Inc., a for-profit education corporation, and its CEO and sole shareholder, Charlton Carlos Lester, appeal the district court's denial of their motion for judgment as a matter of law and for a new trial after a jury verdict in favor of Candace Terrell on her claims for battery against Lester and negligent retention and supervision against OTS.

Terrell began working for OTS as an office manager in March, 2007, and Lester was her direct supervisor. Not long after Terrell started working at OTS, Lester began making advances, including hugging her, rubbing her shoulders and arms, attempting to kiss her, and making sexual comments to her. Terrell resisted, and Lester became critical of her job performance. In May, 2007, Lester moved Terrell to a different department of OTS, where she was supervised by Renee Alston, another OTS employee. After the transfer, Terrrell was terminated.

Terrell then sued Lester for assault and battery under Georgia law, and sued OTS for sexual harassment and retaliation under Title VII of the federal Civil Rights Act, 42 U.S.C. §§ 2000e-2 and 2000e-3, and for negligently supervising and retaining Lester. Terrell's case went to trial on her state-law claims only.[1]

---

[1] The district court granted a directed verdict on Terrell's Title VII claims on the ground that OTS has fewer than 15 employees. See 42 U.S.C. § 2000e(b). Terrell does not appeal the dismissal of her Title VII claims.

Five other OTS employees testified to being sexually harassed directly by Lester. The jury ruled in Terrell's favor and awarded $100,000 against Lester on Terrell's battery claim, and $200,000 against OTS for negligently supervising and retaining Lester as its employee. The district court denied Lester's motions for a new trial and for judgment as a matter of law.

On appeal, OTS argues that it cannot be held liable for negligently supervising and retaining Lester because, as OTS's CEO and sole shareholder, Lester could be supervised and retained only by himself. However, the district court held that Lester, acting as CEO and sole shareholder of OTS, could have shielded OTS from liability by replacing himself with an outside manager once he had notice of unwanted advances against OTS's female employees. The district court reasoned that Lester's failure to do so constituted a failure by OTS as a corporate entity that was punishable as a separate tort from Lester's underlying tort of battering Terrell. We find no reversible error in the district court's determination.

OTS also claims that the evidence at trial was insufficient to prove that it had notice of Lester's propensity to batter OTS's female employees. However, as noted, five former OTS employees, in addition to Terrell, provided testimony of

physical and verbal harassment by Lester.[2] Their testimony demonstrated Lester's awareness that this conduct could give rise to lawsuits against him. Indeed, a sixth witness, who had been employed at OTS as a contact person for sexual harassment allegations, testified that she specifically advised Lester not to allow himself to remain in a room behind closed doors with a female employee in order to protect OTS from liability. This testimony provided an ample evidentiary basis for the jury's conclusion regarding OTS.

OTS and Lester also contend that the jury verdicts against them must be reversed because the district court erred in admitting testimony by several witnesses that OTS and Lester claim was perjured testimony. In support of this argument, OTS and Lester simply point to inconsistencies in the witnesses' testimony. However, OTS and Lester extensively cross-examined each of these witnesses at trial, and the jury was entitled to reach its own determination as to the truth of the witnesses' statements. We find no merit to this argument. See Crystal Entm't & Filmworks, Inc. v. Jurado, 643 F.3d 1313, 1320 (11th Cir. 2011) ("[T]his court will not ordinarily review the factfinder's determination of

---

[2] OTS and Lester challenge the district court's admission of testimony by other female employees regarding instances of sexual harassment by Lester. However, this argument was not raised in an initial brief; therefore, we do not address it. See Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987) ("[A] party cannot argue an issue in its reply brief that was not preserved in its initial brief.").

credibility.").

**AFFIRMED**

5

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 04, 2012

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 11-13105-CC
Case Style: Candace Terrell v. OTS, Inc., et al
District Court Docket No: 1:09-cv-00626-RWS

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against appellants.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, CC at (404) 335-6177.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs